UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMAN TIGRANYAN (A#249-098-382), Petitioner, v. CHRISTOPHER CHESTNUT, et al., Respondents. | No. 1:26-cv-03756-DJC-SCR<br><br>ORDER |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 10, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. While Respondents filed untimely objections to the findings and recommendations (ECF No. 18), the Court has considered those objections as well as Petitioner's Response (ECF No. 19).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a de novo review of this case. Having carefully

reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

At the outset, the Court disagrees that the issues decided by the Magistrate Judge were not raised by Petitioner. To the contrary, Ground Two of the Petition is titled "Mandatory detention is subject to constitutional limit – Prolonged Detention" and expressly cites the Fifth Amendment and Petitioner's "fundamental liberty interest in freedom from physical restraint." (ECF No. 1, Ground Two and ¶¶ 80–81.) While the Magistrate Judge may have applied a different legal framework than that addressed by Respondents, the legal difference of opinion over the correct framework to apply does not violate the party presentation principle. And to the extent Respondents claim they were prejudiced by not being able to adequately brief the legal framework utilized by the Magistrate Judge, they have now had that opportunity through their objections, which the Court has considered.

The Government's objections based on *Thuraissigiam* and *Shaughnessy* are also unavailing. (*See* ECF No. 18 at 3–4.) In *Thuraissigiam*, the Supreme Court held a noncitizen did not have a due process right to review of a finding that he lacked a credible fear of persecution. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 139 (2020). That case thus addressed the process a noncitizen is entitled to in the determination of whether they may ultimately be lawfully admitted to the United States. But admission and detention are distinct, and Petitioner seeks release from detention not admission to the United States. In *Thuraissigiam*, the Court found the "Constitution gives the political department of the government plenary authority to decide which aliens to *admit* and a concomitant of that power is the power to set the procedures to be followed in determining whether an alien should be *admitted*." *Id.* at 139 (emphasis added). As the Ninth Circuit recently highlighted, "*Thuraissigiam* made no mention of release from custody, nor did he assert a due process claim regarding judicial review of any aspect of his detention." *Padilla v. United States Immigr. & Customs Enf't*, --- F.4th ---, 2026 WL 2822044, at *16 (9th Cir. Sept. 21,

2026). In sum, "*Thuraissigiam* was an admission, not a detention, case." *Id.* at *19. In contrast, Petitioner seeks release from detention. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Therefore, *Thuraissigiam* is inapplicable. And *Shaughnessy* addressed the due process claim of a noncitizen "permanently excluded from the United States on security grounds," *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 207 (1953), not one of a noncitizen still in removal proceedings, awaiting a determination on their claim for asylum (ECF No. 17 at 1).

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 17) are adopted in full.

2. Petitioner's application for writ of habeas corpus is GRANTED on Count 2 . Respondents shall IMMEDIATELY RELEASE Petitioner Arman Tigranyan (A#249-098-382) from custody. At the time of release, Respondents must return all of Petitioner's documents and possessions.

3. The Clerk is directed to:

   a. Serve the California City Immigration Processing Center with a copy of this Order; and

   b. Enter judgment in Petitioner's favor and close the case.

IT IS SO ORDERED.

Dated: **September 25, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

Th/tigr3756.JO.RELEASE